**People of the State of Illinois, Plaintiff-Appellee, v. Harold Moody, Defendant-Appellant.**

**Gen. No. 54,069.**

First District, Second Division.

February 3, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Defendant was charged with the unlawful sale of a narcotic drug. At his arraignment Gerald W. Getty, Public Defender, was appointed as his counsel and he entered a plea of not guilty. Three months later, when his cause came on for trial, the defendant withdrew his plea and entered a plea of guilty to a lesser included charge, unlawful possession of narcotic drugs. After being admonished by the trial judge as to the consequences of a guilty plea, the defendant persisted in the plea. The judge then sentenced the defendant to a term of from two years to two years and one day, the minimum sentence which could be given for the crime. (The statute provides that one guilty of unlawful possession of narcotic drugs can be sentenced from two to ten years.)

The colloquy wherein defendant changed his plea was as follows:

Mr. Virgilio: "The State has no objection to accepting a plea to the lesser included offense of possession of narcotics."

The Court: "Mr. Harold Moody, your counsel advises me you wish to change your plea of not guilty to a plea of guilty

48

|             |                                                              |
|-------------|--------------------------------------------------------------|
|             | to unlawful possession of narcotic drugs. Is that correct?"  |
| Defendant:  | "Yes, it is."                                                |
| The Court:  | "When you plead guilty you automatically waive your right to a jury trial, you understand that?" |
| Defendant:  | "Yes, I know that."                                          |
| The Court:  | "Before accepting a plea of guilty it is my duty to advise you on a plea of guilty to the unlawful possession of narcotics, you may be sent to the penitentiary for a term of years of any number of years not less than two nor more than ten years. Knowing that, do you still persist in your plea of guilty?" |
| Defendant:  | "Yes, I do."                                                 |
| The Court:  | "Let the record show the defendant, Harold Moody, has been advised of the consequences of his plea of guilty to the lesser included charge of possession of narcotic drugs, being so advised, persists in his plea. The plea, therefore, will be accepted. There will be a finding of guilty of unlawful possession of narcotic drugs, to-wit, heroin, in manner and form as charged in the indictment. There will be a judgment on the finding." |
|             | [One of the facts stipulated to was that the narcotic involved was heroin.] |

Now before this court is the Public Defender's petition to withdraw as counsel for the defendant on the basis that it is the attorney's conclusion there is only one issue

upon which an appeal can be sought; namely, whether the court fully admonished the defendant as to the import of his change of plea from not guilty to guilty, and that that issue is a frivolous one. The Public Defender felt the trial court fully complied with its duty to admonish the defendant; therefore, an appeal would be without merit and could not possibly be successful. The petition is presented pursuant to the ruling in Anders v. California, 386 US 738.

In compliance with Anders, counsel has advised this court that he finds the case wholly frivolous and has submitted a brief referring to the only aspect of the case which he believes is arguable. Copies of the petition and brief were mailed to the defendant and this court granted defendant time within which to file new points in support of his appeal. The defendant made no response to this ruling. It then became this court's duty to first examine all the proceedings in the trial court so that we could make our own determination as to whether the case is wholly frivolous. We have done so and have concluded that the case is wholly frivolous, that the petition to withdraw should be granted, and that the conviction should be affirmed.

We believe the trial judge fully complied with his duty when he informed the defendant of the consequences of his plea and informed him of the maximum penalty which could be imposed on him upon the acceptance of his plea, all of which took place in open court. This was in compliance with Ill Rev Stats 1967, c 38, § 115–2, and with Supreme Court Rule 401(b), both of which explain the procedure which should be employed before a court accepts a guilty plea. Defendant was given accurate and complete information as to the consequences of his plea, with the right to change his mind and maintain his plea of not guilty. The trial court acted properly in admonishing the defendant as to the consequences of entering a guilty plea, but the defendant, represented by coun-

sel, persisted in entering a plea of guilty, and the trial judge then accepted it. The sentence imposed was the minimum allowed under the statute.

We have made an independent review of the record and have concluded there is no ground upon which to base an appeal which is not wholly frivolous. Consequently, we are allowing counsel's petition to withdraw, and are affirming the judgment of the Circuit Court.

Judgment affirmed.

LYONS and BURKE, JJ., concur.